THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re MOTRICITY INC. DERIVATIVE LITIGATION<br><br>This document relates to:<br>    ALL ACTIONS | Master File No. C11-1520 TSZ<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY CONSOLIDATED PROCEEDINGS** |

On September 13, 2011, plaintiff Charles C. Weddle III filed a Verified Shareholder Derivative Complaint to initiate the action entitled *Weddle v. Wuerch, et al.*, No. 11-CV-1520-TSZ (W.D. Wash.).  The *Weddle* complaint alleges claims for breach of fiduciary duty and unjust enrichment on behalf of nominal defendant Motricity, Inc. against defendants Ryan K. Wuerch, Allyn P. Hebner, James R. Smith, James P. Ryan, Hunter C. Gary, Brett Icahn, Lady Barbara Judge, Suzanne H. King, Brian V. Turner, James L. Nelson, and Jay Firestone.  On September 19, 2011, the Court entered an order in the *Weddle* action that required the parties to hold a Rule 26(f) conference by November 4, 2011, and serve their Rule 26 initial disclosures by November 18, 2011.

On September 23, 2011, plaintiff Mohammed S. Makda filed a Verified Shareholder Derivative Complaint to initiate the action entitled *Makda v. Wuerch, et al.*, No. 11-CV-1597-TSZ (W.D. Wash.).  The *Makda* complaint alleges claims for breach of fiduciary duty and unjust enrichment on behalf of nominal defendant Motricity, Inc. against defendants Ryan K.

Wuerch, Hunter C. Gary, Brett Icahn, Lady Barbara Judge, Jeffrey A. Bowden, Suzanne H. King, and Brian Turner. On September 29, 2011, the Court entered an order in the *Makda* action that requires the parties to hold a Rule 26(f) conference by November 14, 2011, and serve their Rule 26 initial disclosures by November 28, 2011.

On October 26, 2011, the Court ordered that the *Weddle* and *Makda* actions be consolidated into *In re Motricity Inc. Derivative Litigation*. The Order applied the *Weddle* Initial Scheduling Order to the consolidated derivative action. The Order also states, "This Order shall apply to each shareholder derivative action arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in or transferred to this Court." (Order at 4:18–20.)

Two related securities class actions were recently filed with this Court: *Callan v. Motricity, Inc., et al.*, No. 11-cv-1340-TSZ (W.D. Wash.) and *Couch v. Motricity, Inc., et al.*, No. 11-cv-1678-TSZ (W.D. Wash.). The factual allegations in the *Callan* and *Couch* actions are similar to those set forth in the consolidated derivative action. Because the *Callan* and *Couch* actions allege violations of Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, they are subject to the procedures set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). On November 7, 2011, pursuant to the PSLRA, the *Callan* and *Couch* actions were consolidated and a lead plaintiff was appointed. The lead plaintiff will file or designate an operative complaint in the consolidated class action. The defendants in the *In re Motricity Inc. Derivative Litigation* that are also defendants in the related class actions have indicated to derivative plaintiffs' counsel that they intend to file a motion to dismiss the operative complaint in the consolidated class action after it is filed.

///

///

///

STIPULATION AND [PROPOSED] ORDER TO
STAY PROCEEDINGS - 2
NO. C11-1520 TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 l Tel: 206.839.4800

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1. The interests of judicial economy and justice will be served by staying the consolidated derivative proceeding through the dismissal stage in the related class actions, as set forth in the accompanying Proposed Order. *See Cucci v. Edwards, et al.*, No. SACV-07-352 PSG, 2007 WL 3396234 (C.D. Cal. Oct. 31, 2007) (staying federal derivative action during pendency of motion to dismiss in related federal securities class action because such a stay would promote judicial economy and avoid undermining company's defense of class action).

2. The below defendants' execution of this stipulation does not operate as a waiver of service of process.

3. The undersigned parties request that the Court enter the below Order.

Respectfully submitted this 8th day of November, 2011.

*s/ Clifford A. Cantor*
Clifford A. Cantor, WSBA No. 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, WA 98074-7033
Tel: 425.868.7813
Fax: 425.868.7870
Email: cacantor@comcast.net

Eric M. Andersen
LEVI & KORSINSKY LLP
30 Broad St., 15th Fl.
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Tel: (405) 235-1560
Fax: (405) 239-2112

Co-Lead Counsel for Plaintiffs

*s/ Stellman Keehnel*
*s/ Andrew R. Escobar*
Stellman Keehnel, WSBA No. 9309
Andrew R. Escobar, WSBA No. 42793
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: stellman.keehnel@dlapiper.com
E-mail: andrew.escobar@dlapiper.com

Attorneys for nominal defendant Motricity, Inc. and defendants Ryan K. Wuerch, Allyn P. Hebner, James R. Smith, James P. Ryan, Hunter C. Gary, Brett Icahn, Lady Barbara Judge, Suzanne H. King, James L. Nelson, Jeffrey Bowden and Jay Firestone

**[Proposed] ORDER STAYING CONSOLIDATED PROCEEDINGS**

This matter is before the Court(s) on the parties' Stipulation and [Proposed] Order Staying Consolidated Proceedings.

For the reasons given in the parties' Stipulation, the Court finds and concludes that the Stipulation is well-taken, and therefore hereby **ORDERS** as follows:

(i)   **Stay of Consolidated Proceedings**. This consolidated derivative proceeding shall be stayed[1] until the Court rules on the motion(s) to dismiss filed by the defendants against the operative class action complaint designated by the lead plaintiff(s) in the related consolidated securities class actions pending before this Court, *Callan v. Motricity, Inc., et al.*, No. 11-cv-1340-TSZ (W.D. Wash.). If the Court grants with prejudice or denies such motion(s) to dismiss the consolidated class action, then the Court will issue an order terminating the stay of this consolidated derivative proceeding and this litigation shall resume as set forth in paragraph (ii) below. If the Court grants without prejudice said motion(s) to dismiss the consolidated class action, then the stay of this consolidated derivative proceeding will remain in force until the Court rules on the motion(s) to dismiss filed by the defendants against a first amended complaint filed in the consolidated class action. After the Court rules on the motion(s) to dismiss a first amended class action complaint, the Court will issue an order terminating the stay of this consolidated derivative proceeding and this litigation shall resume as set forth below.

(ii)   **Current Deadlines**. The deadlines currently calendared in this action, including the deadlines set forth in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 2) and the deadlines set forth in the Order Consolidating Related Cases and Appointing Lead Plaintiffs and Counsel (Dkt. No. 7), shall be vacated pending the ruling on any motion to dismiss in the *Callan* class action as specified above. The deadlines

---

[1] The stay shall not apply to service of process on the defendants or filings related to service of process.

established in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 2) shall reset for 90 (ninety) days after the stay terminates. The deadlines established in the Order Consolidating Related Cases and Appointing Lead Plaintiffs and Counsel (Dkt. No. 7) shall be reset as set forth in paragraph (iii) below.

(iii)   **Pleadings and Responses**. Plaintiffs shall have sixty (60) days from the Court's order terminating the stay of this consolidated proceeding to file and serve a consolidated complaint. Defendants shall have sixty (60) days to respond to the consolidated complaint.

Dated this \_\_\_\_ day of November, 2011.

---

THE HONORABLE THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated this 8th day of November, 2011.

*/s Andrew R. Escobar*

Stellman Keehnel, WSBA No. 9309
Andrew R. Escobar, WSBA No. 42793
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Tel:  206.839.4800
Fax:  206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
E-mail:  andrew.escobar@dlapiper.com

Attorneys for nominal defendant Motricity, Inc. and defendants Ryan K. Wuerch, Allyn P. Hebner, James R. Smith, James P. Ryan, Hunter C. Gary, Brett Icahn, Lady Barbara Judge, Suzanne H. King, James L. Nelson, Jeffrey Bowden and Jay Firestone

EAST\47158673.1

STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS - 6
NO. C11-1520 TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 l Tel: 206.839.4800